UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SCOTT SMITH, | : | **1:21-CV-01244** |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Schwab) |
| JEFFREY CONNOR, | : | |
| Defendant. | : | |

# MEMORANDUM OPINION

## I. Introduction.

Plaintiff Michael Scott Smith ("Smith") claims that Defendant Jeffrey Connor ("Connor"), who is the Franklin County Coroner, violated his Fourteenth Amendment rights by requiring him to surrender the body of his deceased wife under duress. Connor moved to dismiss Smith's amended complaint for failure to state a claim. We subsequently ordered Smith to file a brief in opposition to Connor's motion to dismiss, but he failed to do so. We then issued a show cause order directing Smith to show cause and explain why this action should not be dismissed pursuant to Fed. R. Civ. P. 41(b) while noting that if Smith fails to show cause he may be deemed to have abandoned this lawsuit and the case will be dismissed. Having received no response, it appears that Smith has abandoned this

action. Accordingly, after analyzing the applicable factors, we will dismiss the case.

## II. Background and Procedural History.

Smith, proceeding *pro se*, began this action by filing a complaint that names as the defendant Jeffery Connor, who is the Franklin County Coroner. *Doc. 1*. Smith was granted leave to proceed *in forma pauperis. Doc. 7*. The parties subsequently consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned.

Smith filed an amended complaint against Connor. *Doc. 9*. Per the amended complaint, Smith claims that "Defendant intimidated Plaintiff with threat of a court order if Plaintiff did not comply with the surrendering of wife's deceased body to wife's family member." *Doc. 9* at 3. Smith claimed that the alleged intimidation led to the cremation of his deceased wife's body against his wishes. *Id.* at 3, 4.

Connor filed a motion to dismiss Smith's amended complaint pursuant to Fed. R. of Civ. P. 12(b)(6) as well as a brief in support of that motion to dismiss. *Docs. 14, 15*. Smith was ordered to file a brief in opposition to Connor's motion to dismiss. *Doc. 16*. Smith did not file a brief in opposition. We ordered Smith to show cause by January 19, 2022, why this action should not be dismissed pursuant to Fed. R. Civ. P. 41(b). *Doc. 19*. The show cause order further warned Smith that if he fails to show cause, we may deem him to have abandoned the lawsuit, thus

2

resulting in the case being dismissed. *Id.* Smith has failed to respond, and the time to do so has long passed.

## III. Discussion.

By failing to abide by our orders, it appears that Smith has abandoned this action. Thus, we will dismiss this action pursuant to Fed. R. Civ. P. 41(b).

The court may dismiss an action under Fed. R. Civ. P. 41(b) if the plaintiff fails to prosecute a case or to comply with court rules or court orders. Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). In other words, "cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).

Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). But that discretion, while broad, is governed by the following factors, commonly referred to as the *Poulis* factors, which the court must balance in deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

3

> scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008), and each factor need not be satisfied for the court to dismiss an action, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). In this case, an assessment of the *Poulis* factors leads us to conclude that this action should be dismissed.

The first *Poulis* factor is the extent of the party's personal responsibility. A *pro se* litigant is personally responsible for failure to comply with the court's rules and orders. In this case, because Smith is proceeding *pro se,* he is responsible for his failure to file a brief in opposition to Connor's motion to dismiss in accordance with our order and with the Local Rules.

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm. *Ware*, 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently

prejudicial." *Id.*  In this case, Smith's failure to comply with our orders and file a brief in opposition to Connor's motion to dismiss frustrates and delays resolution of this action.  Such failure to litigate can be seen to prejudice Connor, who seeks a timely resolution of the case.

The third *Poulis* factor is a history of dilatoriness.  While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).  A "party's problematic acts must be evaluated in light of [his] behavior over the life of the case." *Id.* at 875.  In this case, Smith has failed to file a brief in opposition to Connor's motion to dismiss.  Moreover, he failed to do so even though the court ordered him to do so.  Smith also failed to comply with our show cause order, which directed Smith to show cause by January 19, 2022.  Thus, Smith has shown history of dilatoriness through repeated failures to respond.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Here, Smith's failure to file a brief in opposition or respond to our show cause order leads to an inference that he has willfully abandoned this case.

The fifth *Poulis* factor is the effectiveness of alternate sanctions.  Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868.  Moreover, Smith is proceeding *pro se* and *in forma pauperis*, and there is no evidence to conclude that he could pay a monetary sanction.  Therefore, monetary sanctions, including attorney's fees and costs, would not be effective.  Smith's failure to comply with our prior orders leads to an inference that further orders to him would not be effective.  In this case, no sanction short of dismissal would be effective.

The sixth and final *Poulis* factor is the meritoriousness of the claim.  In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870.  Here, assuming for the sake of argument that Smith's claim has merit, consideration of this factor cannot save Smith's case since Smith is now wholly noncompliant with his obligations as a litigant.

In sum, the *Poulis* factors weigh heavily in favor of dismissal.  Smith has abandoned this case.  Thus, we will dismiss this case.

## IV. Conclusion.

For the foregoing reasons, we will dismiss this action in accordance with Fed. R. Civ. P. 41(b) given that Smith has abandoned this action. An appropriate order will be issued.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge